IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv10
(3:04cr106)

| | |
|---|---|
| DEMONTRELL WILLIAMS WHITE,   )<br>                                                          )<br>                         Petitioner,     )<br>          v.                                        )           **ORDER**<br>                                                          )<br>UNITED STATED OF AMERICA,       )<br>                                                          )<br>                         Respondent.    ) | |

**THIS MATTER** is before the Court on initial review of the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 filed on January 6, 2011 (Doc. No. 1).

I.   PROCEDURAL HISTORY

On April 29, 2004, Petitioner was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and for possessing a stolen firearm, in violation of 18 U.S.C. § 922(j). (Criminal Case 3:04cr106, Doc. No. 1).On April 19, 2006, Petitioner pleaded guilty to Count One of the Indictment pursuant to a Plea Agreement. (Id., Doc. No. 38). On August 4, 2007, the probation officer filed a presentence report ("PSR"), designating Petitioner as an armed career criminal under the Armed Career Criminal Act ("ACCA"). One of the three previous convictions contributing to this designation was Petitioner's 199 conviction for the North Carolina offense of conspiracy to commit robbery with a dangerous weapon. This Court subsequently declined to accept Petitioner's guilty plea because the plea agreement failed to contemplate the applicability of the ACCA. (Id., Minute entry dated 11/1/2007). Thereafter, on January 4, 2008, Petitioner again pleaded guilty, this time without a plea agreement, to § 922(g)(1) felon in possession offense, and

1

the stolen firearm charged was dismissed. (Id., Doc. No. 55). Petitioner objected to the PSR on the ground that a conspiracy to commit robbery with a dangerous weapon under North Carolina law is not a violent felony. The Court denied this objection during its April 15, 2008 sentencing hearing, ruling from the bench that " a conspiracy to commit armed robbery is just as dangerous and confrontational . . . as the substantive crime of armed robbery itself." (Id., Doc. No. 68 at 20). The Court also explained that "a conspiracy to commit armed robbery is [a] dangerous type of crime that creates [a] serious potential risk of physical injury to another." (Id. at 21). Accordingly, the Court sentenced Petitioner under the ACCA to fifteen years in prison. ( Criminal Case 3:04cr106, Doc. No. 58).

Petitioner filed a Notice of Appeal on April 30, 2008. (Id., Doc. No. 61). Petitioner's sole argument on appeal was that the North Carolina offense of conspiracy to commit robbery with a dangerous weapon was not a "violent felony" under the ACCA. On July 6, 2009, in an published decision, the Fourth Circuit affirmed this Court's conviction and sentence specifically stating that Petitioner's conspiracy offense "'is [a] dangerous type of crime that creates [a] serious potential risk of physical injury to another'" and "requires conduct that is similar 'in kind' to the enumerated offenses of clause (ii) of § 924(e)(2)(B)." The Court concluded that "[t]he imposition of an ACCA sentence was therefore warranted . . . ." United States v. White, 571 F.3d 365, 373 (4th Cir.) cert. denied., 130 S.Ct. 1140 (2010).

Petitioner filed the instant Motion to Vacate on January 6, 2011 alleging that his North Carolina conviction for conspiracy to commit robbery is not a violent felony under the ACCA.

II.  LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts

2

are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Following such review, it plainly appears to the Court that Petitioner is not entitled to relief on his claims.

Petitioner contends, as he did on appeal, that his North Carolina conviction for conspiracy to commit robbery is not a violent felony under the ACCA. The Fourth Circuit rejected Petitioner's claims in a published decision concluding that this Court's imposition of an ACCA sentence was warranted and affirming Petitioner's conviction and sentence. United States v. White, 571 F.3d 365 (4th Cir.) cert. denied, 130 S.Ct. 1140 (2010). The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Issues previously decided on direct appeal cannot be recast in the form of a § 2255 motion in the absence of a favorable, intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255."). Accordingly, since Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate this claim in this proceeding, this claim is procedurally barred.

III.  CONCLUSION

The Court has considered the pleadings and documents submitted by the Petitioner and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on his claims. **IT IS, THEREFORE ORDERED** that:

1. The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence(Doc. No. 1) is **DENIED and DISMISSED**.

2.  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller -El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED**.

Signed: January 7, 2011

Frank D. Whitney
United States District Judge