**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-662-FDW
(3:04-cr-106-FDW-1)**

| | |
|---|---|
| **DEMONTRELL WILLIAMS WHITE,** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> Respondent. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, this motion must be dismissed as successive.

On April 3, 2006, Petitioner pleaded guilty in this district to being a felon-in-possession of a firearm. The probation officer prepared a presentence report (PSR) in advance of his sentencing hearing. In the PSR, the probation officer found that Petitioner qualified as an armed career criminal based in part on a state conviction for conspiracy to commit robbery with a dangerous weapon. The Court found that Petitioner did in fact qualify as an armed career criminal and sentenced Petitioner to 180-months' imprisonment and he appealed. On appeal the Fourth Circuit rejected his argument that his conviction for conspiracy to commit robbery with a dangerous weapon did not qualify as a violent felony to support his status as an armed career criminal. The Court affirmed his judgment in a published opinion. United States v. White, 571 F.3d 365 (4th Cir. 2009), cert. denied, 558 U.S. 1151 (2010).

On January 6, 2011, the Petitioner filed a § 2255 motion contending that his conviction for conspiracy to commit armed robbery did not qualify him as an armed career criminal. The Court entered an order denying relief because this very issue had been decided against him by the Fourth Circuit. Petitioner did not appeal. (3:11-cv-10-FDW, Doc. No. 2).

In his second § 2255 motion, Petitioner again raised a challenge to the legality of his status as an armed career criminal this time citing a Fourth Circuit opinion. See United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). This time Petitioner argued that his prior conviction for assault on a law enforcement officer was improperly relied upon to support his status as an armed career criminal. In addressing Petitioner's second § 2255 motion, the Court noted the previous § 2255 proceeding and that Petitioner had provided no evidence that he had obtained the necessary authorization to file a successive petition. The Court dismissed the second § 2255 motion as successsive. (3:12-cv-338-FDW, Doc. No. 3). Petitioner did not file an appeal.

In this third § 2255 motion, Petitioner again challenges the legality of his status as an armed career criminal based on the use of his conviction for assault on a law enforcement officer. Petitioner cites the Fourth Circuit's recent opinion in United States v. Miller, 735 F.3d 141 (4th Cir. 2013). Petitioner contends that the holding in Miller—that the opinion in Simmons is retroactively applicable to cases on collateral review—entitles him to relief.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

>    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

2

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244(b)(3)(A).

There is no evidence that Petitioner has obtained the necessary authorization to file the instant § 2255 motion. The Court is therefore without jurisdiction to consider the merits, if any, of the present action. See, e.g, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); United States v.Winestock, 340 F.3d 200, 205 (4th Cir. 2003). For the reasons stated herein, Petitioner's Section 2255 motion will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 11, 2013

Frank D. Whitney
Chief United States District Judge