UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-207-FDW
(3:04-cr-106-FDW-1)

| | |
|---|---|
| **DEMONTRELL WILLIAMS WHITE,** ) ) **Petitioner,** ) ) vs. ) ) **UNITED STATES OF AMERICA,** ) ) ) **Respondent.** ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response in Support, (Doc. No. 3). Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina. For the reasons that follow, the motion to vacate will be granted.

**I. BACKGROUND**

Petitioner Demontrell Williams White pleaded guilty in this Court on January 4, 2008, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Crim. Case No. 3:04cr106, Doc. No. 55: Acceptance and Entry of Guilty Plea). In preparation for Petitioner's sentencing hearing, the Probation Office prepared a Presentence Report ("PSR"), noting that Petitioner had at least three prior convictions for violent felonies or serious drug offenses and that he qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (Id., PSR at ¶ 20). The PSR identified the following three ACCA predicates, all North Carolina convictions: (1) a 2001 conviction for felony conspiracy to

1

commit robbery with a dangerous weapon; (2) a 1998 conviction for assault with a deadly weapon on a law enforcement officer; and (3) a 2001 conviction for common law robbery. (Id.). Based on the ACCA enhancement, Petitioner faced a statutory mandatory minimum of fifteen years and a maximum of life. On April 15, 2008, the Court sentenced Petitioner to 180 months in prison. (Id., Doc. No. 58: Judgment). Petitioner appealed, and on July 6, 2009, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. White, 571 F.3d 365 (4th Cir. 2009).

On May 2, 2016, Petitioner filed the instant motion to vacate his sentence, arguing that he was sentenced as an armed career criminal in violation of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Specifically, Petitioner contends that he was improperly sentenced as an armed career criminal because his prior convictions for felony conspiracy to commit robbery with a dangerous weapon and common law robbery only qualified as predicate convictions under the ACCA based on the now-invalid residual clause. Petitioner contends that, in light of Johnson, he no longer has three predicate convictions supporting his classification as an armed career criminal. In its response, the Government agrees that Petitioner lacks the three predicate convictions required to support his ACCA-enhanced sentence.

**II.   STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

2

## III. DISCUSSION

The ACCA provides for a mandatory-minimum term of fifteen years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). "Violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). In assessing whether a prior conviction qualifies as a violent felony for purposes of the ACCA, a sentencing court employs the categorical approach, comparing the elements of the statute forming the basis of the defendant's conviction with ACCA's definition of "violent felony." See Descamps v. United States, 133 S. Ct. 2276, 2281 (2013).

In 2015, the Supreme Court held in Johnson that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. The Supreme Court also held that the clause is void "in all its applications." Id. at 2561. The Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Id. at 2563.

As a result of Johnson, a defendant who was sentenced to a statutory mandatory-minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. See United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence

3

is an error that is cognizable in a motion to vacate filed under 28 U.S.C. § 2255). Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause" or qualify as one of the four enumerated offenses, no relief is warranted. On April 18, 2016, the Supreme Court held in Welch v. United States, No. 15-6418, 2016 WL 1551144, at *11 (S. Ct. Apr. 18, 2016), that Johnson is retroactively applicable on collateral review to claims that the defendant was improperly sentenced as an armed career criminal.

Here, Petitioner argues that his prior North Carolina convictions for felony conspiracy to commit robbery with a dangerous weapon and common law robbery qualified as "violent felonies" under the ACCA only under the residual clause and that he is entitled to sentencing relief under Johnson. In its response, the Government states that it agrees that Petitioner's North Carolina conviction for felony conspiracy to commit robbery with a dangerous weapon qualified as an ACCA predicate only under the residual clause. The Government states that it concedes that Petitioner no longer had three prior felonies for purposes of an ACCA-enhanced sentence.[1] The Court agrees and finds that Petitioner is entitled to sentencing relief in light of Johnson. Thus, Petitioner's motion to vacate will be granted and Petitioner shall be resentenced to a term of 120 months in prison or less.[2]

---

[1] The Fourth Circuit Court of Appeals held on May 18, 2016, that North Carolina common law robbery also does not qualify as a "violent felony" under the ACCA. United States v. Gardner, No. 14-4533, 2016 WL 2893881 (4th Cir. May 18, 2016). The mandate has not yet issued in Gardner. In any event, since Petitioner had, at the most, three prior ACCA-qualifying felonies before Johnson, the fact that the North Carolina conviction for felony conspiracy to commit robbery with a dangerous weapon no longer qualifies as a prior felony under the ACCA means that Petitioner did not have three prior felony convictions for purposes of an ACCA-enhanced sentence, regardless of the common law robbery conviction.

[2] Petitioner seeks to be re-sentenced to time-served and he seeks immediate release based on his contention that, under a non-ACCA sentence, the applicable guidelines range would be 63 to 78

## IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate and finds that Petitioner is entitled to be resentenced.

**IT IS, HEREBY, ORDERED that**:

(1) Petitioner's Motion to Vacate, (Doc. No. 1), is **GRANTED**, and Petitioner shall be resentenced in accordance with this order.

_____
Frank D. Whitney
Chief United States District Judge

---

months in prison, and that he has already served 93 months in prison. The Court declines to order the immediate release of Petitioner for time-served. Rather, the Court will schedule a resentencing hearing and the parties can argue the appropriate guidelines sentence to the Court at the hearing.